**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-2343**

_____

DEBORTH HAZIZ,

               Plaintiff – Appellant,

     v.

ERIC H. HOLDER, JR., Attorney General, Department of
Justice,

               Defendant – Appellee.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
Senior District Judge. (5:05-cv-00574-H)

_____

Submitted: June 3, 2011            Decided: June 16, 2011

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Deborth Haziz, Appellant Pro Se.   Jennifer P. May-Parker, Sharon
Coull Wilson, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborth Haziz brought suit against the Federal Bureau of Prisons ("BOP") alleging employment discrimination in violation of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701-796l (West 2008 & Supp. 2010), and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010). Haziz alleged that she suffered an on-the-job injury resulting in a disability and that the BOP denied her reasonable accommodation and terminated her, both in retaliation for filing an EEO claim and because of her disability. Haziz's suit was tried before a jury and the jury returned a verdict for the BOP. We affirm.

On appeal, Haziz first argues that the district court erred when it declined her request to be recalled to the stand after she had twice testified. "A district court has the discretion to place reasonable limits on the presentation of evidence." United States v. Ford, 88 F.3d 1350, 1362 (4th Cir. 1996). Here, in denying Haziz's request to take the stand for a third time, the district court acted well within the bounds of its discretion.

Haziz next alleges that the district court committed several errors in instructing the jury and argues that she should be granted a new trial. "District courts are necessarily

vested with a great deal of discretion in constructing the specific form and content of jury instructions." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995). In determining whether the district court erred in instructing the jury, we review the district court's jury instructions as a whole and in the context of the entire charge. Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 191 (4th Cir. 2003). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately inform the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. (internal quotation marks omitted) (alterations omitted). Because Haziz did not preserve these claims in the district court, we review them for plain error. Fed. R. Civ. P. 51(d). We find none. The district court's instructions adequately set forth the relevant law.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3